UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | | |
|---|---|---|
| FREDERICK BRADLEY NOWELL, SR., | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 13-64-KSF |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN FRANCISCO QUINTANA, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Frederick Bradley Nowell, Sr., is a prisoner confined at the Federal Medical Center in Lexington, Kentucky. Proceeding without an attorney, Nowell has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] and has paid the $5 filing fee.

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Nowell's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Having reviewed the petition, the Court must deny relief because the claims asserted by Nowell are not cognizable in a petition for a writ of habeas corpus filed pursuant to Section 2241.

On June 21, 2007, pursuant to a written plea agreement, Nowell pled guilty to mail fraud in violation of 18 U.S.C. § 1341, and waived his right to appeal. *United States v. Nowell*, No. 1:07-cr-20415-JEM-1 (S.D. Fla. 2007).  In that agreement, Nowell admitted that over the course of a decade he had defrauded Redland Company of in excess of $11 million by making a series of unauthorized checks payable to companies owned or controlled by him, and using the proceeds for his personal benefit.  *See Redland Co., Inc. v. Bank of America Corp.*, 568 F.3d 1232 (11th Cir. 2009).  During his change of plea hearing, Nowell affirmed the truth of the admissions he made in his written plea agreement.  *Nowell v. Zimmerman*, No. 0:09-cv-60308-WPD (S.D. Fla. 2009) [R. 164 therein].

Nowell later moved to withdraw his guilty plea, contending that he was innocent of the charges, a motion the trial court denied.  Nowell's conviction and sentence were affirmed on direct appeal.  *United States v. Nowell*, 270 F. App'x 799 (11th Cir. 2008).  Nowell collaterally attacked his conviction and sentence in 2008 by motion filed pursuant to 28 U.S.C. § 2255 on the ground that he was actually innocent, that his guilty plea was not voluntarily entered, and his trial counsel was ineffective.  The trial court denied that motion on March 23, 2010, and the Eleventh Circuit denied Nowell a certificate of appealability from that order.  Nowell has continued to file numerous motions seeking relief from that determination in the years following, without success.  *Nowell v. United States*, No. 1:08-cv-23067-JEM (S.D. Fla. 2008).

In his petition, Nowell contends that his conduct did not violate the federal mail fraud statute because he did not embezzle funds from his employer under Florida law.  [R. 1-1, pp. 2-3]  Nowell alleges that Redland's president met with him and agreed that Nowell would receive additional compensation "off the books" through the check-writing scheme previously described.  [R. 1-1, p. 4-5]  In short, Nowell contends that his conduct does not constitute "embezzlement" under Florida law because his employer was fully aware of it.  [R. 1-1, p. 6]  Nowell also appears to contend that

the charging information was somehow defective because of its reference to a 2008 Uniform Business Report, which he characterizes as innocuous. [R. 1-1, pp. 7-10]

The Court must deny the petition because Nowell may not assert these claims in a habeas corpus petition under section 2241. A federal prisoner must challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A federal prisoner may file a habeas corpus petition under Section 2241 only to challenge a decision by prison officials which affects the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999).

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a Section 2241 petition, where his or her remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. The only circumstance where a prisoner may take advantage of this provision is where, after his or her conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 2004 WL 1447645, *2 (6th Cir. 2004) (unpublished disposition). This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or did assert his claim in a prior post-conviction motion under Section 2255 and was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

Nowell's claim, which challenges the sufficiency of the evidence used to convict him and the validity of the charging information, do not fall within this narrow exception. *Enigwe v. Bezy*, 92 F. App'x 315 (6th Cir. 2004) (claims that evidence would not support conviction and that indictment was defective are not cognizable under § 2241); *Reeves v. Davis*, 83 F. App'x 67 (6th Cir. 2003) (claim that indictment was defective is not cognizable under § 2241). His allegations relate to matters which could and should have been asserted during his criminal trial and direct appeal. Because these claims, even if meritorious, did not convict him of conduct "that the law does not make criminal" in light of a Supreme Court decision handed down after his direct appeal or first collateral attack on his conviction, they are not cognizable in a habeas corpus proceeding under Section 2241. *Bousley v. United States*, 523 U.S. 614, 620 (1998). His petition will be denied.

Accordingly, **IT IS ORDERED** that:

1. Nowell's petition for a writ of habeas corpus [R. 1] is **DENIED.**

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the active docket.

Entered March 19, 2013.



Signed By:
*Karl S. Forester* KSF
United States Senior Judge